## CLIPPINGER et, v. WOOD et.

Common Pleas Court, Hamilton County.

No. A-119593.   Decided December 18, 1950.

Taft, Stettinius & Hollister and Walter K. Sibbald, Cincinnati, for plaintiffs.

Leo A. Burke, Cincinnati, for defendant Ollie R. Wood.

## OPINION

By SCHMIDT, J.

The defendant Ollie R. Wood has filed two motions to dismiss the petition which contests the will of Walter W. Clippinger, deceased. The motions are based on these grounds:

1. That the Western Bank and Trust Company, appointed by the Probate Court of Hamilton County, as Administrator with the Will Annexed, was not validly appointed because letters of appointment were issued without requiring the bank to give bond and that consequently no legal appointment of an administrator was made within six months from the date of the probate of the will.

2. That the Probate Court has not, within six months after probate, appointed a testamentary trustee, and therefore since the will creates a trust and names a trustee, there is a defect in the necessary parties defendant in this action since no validly appointed trustee has been made party defendant.

The appointment of the administrator with the will annexed without bond is attacked and claimed to be null and void because of §10506-4 GC, which as amended in 1935, requires that

"Every fiduciary shall, prior to the issuance of his letters, file in the Probate court in which the letters are to be issued, a bond * * *."

If this section stood alone its requirements of a bond as a preliminary condition to the appointment of a trust company fiduciary would be beyond doubt.

However, §710-161. GC, which, although prior in enactment to §10506-4 GC, has never been expressly repealed, states that

"* * * no bond or other security * * * shall be required from any * * * trust company for or in respect of any trust, nor when appointed executor, administrator * * *" etc.

It is argued that the intention of the legislature was to repeal §710-161 GC insofar as it conflicted with the subsequent enactment now contained in §10506-4 GC. There is some support for this view and it has been accepted by the Attorney General of Ohio. See Opinion of Attorney General, No. 631, Volume 29, page 792.

However, the Probate Court of Hamilton County has consistently ruled that no bond is required in connection with the appointment of a fiduciary such as is involved here. In fact, the Probate Court overruled a motion in the administration proceedings involved in this case challenging the validity of the appointment of the bank as administrator without bond.

Although the rulings of the Probate Court are not required to be followed here, this Court considers that the opinion of the Probate Judge in this important matter of statutory construction concerning fiduciary appointments rests upon an extensive knowledge of and experience in probate law and procedure and therefore that ruling should be adhered to.

In the event that the judgment of the Probate Court does not represent the proper interpretation of these conflicting statutory provisions, the correction can best be made by the Appellate Courts, thus avoiding a conflict of views between this court and the Probate Court.

Furthermore, there is a serious doubt whether the present motion does not involve a collateral attack on the judgment of the Probate Court, thus barring the door to further inquiry by this court into the validity of the appointment. But this question need not be passed upon since the court for the reasons above stated, believes that the validity of the appointment of the fiduciary should be sustained.

As to the second point raised, the court considers that no appointment of a testamentary trustee was necessary within the six months period because no trust res had yet been segregated or had come into existence as a trust entity requiring any action by trustees. Therefore, an appointed trustee was not, in this court's opinion, a necessary party defendant to this action.

For the reasons herein stated, the motions to dismiss are overruled.